COFFEY KAYE MYERS & OLLEY
BY:   MICHAEL J. OLLEY, ESQUIRE
IDENTIFICATION NO.: 56118
By:   LAWRENCE A. KATZ, ESQUIRE
IDENTIFICATION NO.: 30261
Suite 718, Two Bala Plaza
Bala Cynwyd, PA 19004
(610) 668-9800

18   5331

Attorneys For: Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH BLANDING<br>1900 Laurel Road, Apt. AC-249<br>Lindenwold, NJ 08021 | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | FILED<br>DEC 11 2018 |
| vs. | : | |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK) | : | JURY TRIAL DEMANDED |
| Defendant | : | NO. |

## COMPLAINT

1.   The plaintiff herein is Keith Blanding, a citizen and resident of the State of New Jersey, residing therein at 1900 Laurel Road, Apt. AC-249, Lindenwold, NJ 08021.

2.   The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

3.   This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

1

2. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

3. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with, and under the control of, the defendant.

4. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

5. At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation as an electrician.

6. All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

7. As a result of the incident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; has been obliged to and may have to continue to expend large sums of money in the future in an effort to effect a cure of his injuries, and has been unable to attend to his usual duties and occupation and may be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

8. The incident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

9. On or about Tuesday, July 17, 2018, at approximately 6:45 a.m., and for some time prior thereto, plaintiff was employed by defendant Amtrak as an electrician and was working at the North end pit on Track number 6 at Amtrak's shop in Wilmington, Delaware.

12. On the aforementioned date, and at the aforementioned time, plaintiff was assigned to remove a speed sensor cable from a locomotive.

13. In order to do so, plaintiff was required to position himself underneath the locomotive in a pit beneath the track which was only three feet deep and was also provided a ratchet with which to attempt to remove the bolt in order to access the speed sensor cable.

14. Despite prior complaints from both the plaintiff and other employees to management and supervisory employees of Amtrak about having to work in the cramped and confined space of the pit without utilizing an overhead crane to lift the locomotive so as to provide more room and a safer work environment, plaintiff was required to perform the subject task in the confined pit that day without the overhead crane being used to lift the locomotive.

15. As plaintiff was bent and twisted in an awkward position in the confined space of the pit and while attempting to turn his neck and utilize his right arm in an effort to remove the bolt, he sustained injuries to his neck and right arm more specifically described herein.

16. The aforesaid incident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees by, including but not limited to,:

    a. failing to provide a safe and proper work environment;

      b.    failing to utilize the overhead crane to lift the locomotive so as to provide a safer work environment whereby the plaintiff could stand and position himself safely in the pit to perform the task;

      c.    failing to provide Whiting car jacks or some other type of car jacks with which to lift the locomotive so as to provide a safer work environment;

      d.    failing to conduct a proper inspection and ergonomic analysis of the worksite to determine the unsafe position that the plaintiff was required to place himself in;

      e.    failing to comply with Amtrak's safety policy; and

      f.    failing to warn and notify the plaintiff of the unsafe nature of the task involved

17.    As a result of the negligence of defendant Amtrak, plaintiff sustained the serious, painful and permanent injuries more particularly hereinafter set forth.

18.    The aforesaid incident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act" and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

19.    As a result of the aforesaid incident, plaintiff sustained serious and permanent injuries to his cervical spine and right shoulder and right arm, including, but not limited to, cervical disc injury and herniation, cervical radiculopathy, cervical strain and sprain, right shoulder sprain and strain, and right shoulder rotator cuff injury. As a result of his injuries, plaintiff has required cervical epidural steroid injections and may require cervical spinal surgery. The full extent of

plaintiff's injuries is not presently known.

WHEREFORE, plaintiff claims of the defendant damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with fees and costs.

COFFEY KAYE MYERS & OLLEY

BY: _____
MICHAEL J. OLLEY, ESQUIRE
LAWRENCE A. KATZ, ESQUIRE
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
610-668-9800 (phone)
Attorneys for Plaintiff

Dated: December 5, 2018